IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICHELE FULMORE, H. RONALD REVELS III, and RONALD C. JONES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 7:11-CV-18-F |
| UNITED PARCEL SERVICE, INC. and DOES 1-100, | ) ) ) ) | |
| Defendants. | ) | |
| NICHELE FULMORE, H. RONALD REVELS III, and RONALD C. JONES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 7:11-CV-91-F |
| UNITED PARCEL SERVICE, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

This case comes before the court on a motion (D.E. 50) filed by plaintiff Ronald C. Jones ("plaintiff") to seal exhibits (D.E. 49) to his memorandum in opposition to a motion for summary judgment filed by defendant United Parcel Service ("defendant"). The exhibits consist of plaintiff's medical records and other documents relating to his medical condition. The motion is unopposed. For the reasons set forth below, the court will allow the motion.

**DISCUSSION**

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, as noted, the documents sought to be sealed have been filed in connection with or relate to a motion that seeks dispositive relief, and therefore the right of access at issue arises under the First Amendment. *See Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, plaintiff has demonstrated that the documents in question contain personal and confidential information, including information relating to his medical records and medical condition, information which is of utmost importance to him but not generally available to the public

2

or bearing importance to any public matters. Based on this showing, the court finds that the presumption of access has been overcome. *Wolfe v. Green*, No. 2:08-1023, 2010 WL 5175165, at *2 (S.D. W. Va. 15 Dec. 2010) (holding that First Amendment right of access overridden with respect to proposed redactions that included personal financial information).

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *Knight Publishing Co.*, 743 F.2d at 235. Here, the motion was filed on 18 July 2012. No opposition to the motion has been filed by any party or nonparty despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Here, the court finds that the documents in question contain confidential medical information not generally available to the public, and that alternatives to sealing them do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion to seal (D.E. 50) is ALLOWED. The Clerk shall retain the filing at Docket Entry 49 under permanent seal in accordance with Local Civil Rule 79.2, E.D.N.C.

SO ORDERED, this 30th day November 2012.

_____
James E. Gates
United States Magistrate Judge