IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICHELE FULMORE, H. RONALD REVELS III, and RONALD C. JONES, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 7:11-CV-18-F |
| UNITED PARCEL SERVICE, INC. and DOES 1-100, | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| NICHELE FULMORE, H. RONALD REVELS III, and RONALD C. JONES, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 7:11-CV-91-F |
| UNITED PARCEL SERVICE, INC., | ) ) ) | |
| Defendant. | ) | |

This case comes before the court on a motion (D.E. 24) by defendant United Parcel Service ("defendant") to compel responses to interrogatories and production of documents from plaintiffs Nichele Fulmore ("Fulmore"), H. Ronald Revels III ("Revels"), and Ronald C. Jones ("Jones") (collectively "plaintiffs"). The motion has been fully briefed[1] and has been referred to the undersigned for disposition pursuant to 28 U.S.C. §636(b)(1)(A). (*See* Minute Entry after D.E. 26). For the reasons set forth below, the motion will be allowed in part and denied in part.

---

[1] In support of its motion to compel, defendant filed a memorandum (D.E. 24-1) with exhibits (D.E. 24-2 through 24-8). Plaintiffs filed a memorandum (D.E. 25) in opposition.

## BACKGROUND

Plaintiffs, current employees of defendant, commenced this employment discrimination action in July of 2010. (*See* Compl. (D.E. 1-2)). In their complaint, plaintiffs allege that they were discriminated against on the basis of race by being subjected to disparate discipline, job assignments, and training; false accusations of misconduct; terminations; and retaliation. (*See, e.g.,* Compl. ¶¶ 11, 14, 16). They assert claims for wrongful termination in violation of North Carolina public policy (*id.* ¶¶ 19-23); wrongful harassment and termination in violation of 42 U.S.C. § 1981 (*id.* ¶¶ 24-28); and wrongful harassment and termination in violation of Title VII of the Civil Rights Act of 1964 (*id.* ¶¶ 29-33). Defendant generally denies the allegations in plaintiffs' complaint. (*See generally* Ans. (D.E. 5)).

On 10 March 2011, defendant served on plaintiffs its first set of interrogatories and requests for production (D.E. 24-2, 24-3). Included in the discovery were requests, Interrogatory no. 10 and Production Request no. 14, to Revels and Jones seeking information and documents regarding their medical histories. There were also requests, Interrogatory no. 16 and Production Request no. 13, seeking information and documents regarding the attorneys' fees and costs sought by each of the plaintiffs in this case. Plaintiffs timely served their responses on 2 November 2011 (*see* Pls.' Resp. (D.E. 24-4)), but asserted various objections to the foregoing requests. Following defendant's failure to resolve the disputes over them, it filed the instant motion to compel further responses to them.

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally*

Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 Jun. 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting providing discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Management, L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Services, L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D.W. Va. 2011)). Rule 37 allows for the filing of a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B).

3

## II. DISCOVERY REQUESTS REGARDING MEDICAL HISTORY

Interrogatory No. 10 reads in relevant part[2] "[i]dentify each and every physician, doctor, psychologist, psychiatrist, clergyman, counselor or other health care professional *that [plaintiff] has met with or consulted*, or that has treated or diagnosed [plaintiff], in conjunction with any physical, mental, or emotional condition within the past ten (10) years." (*E.g.*, Interr. to Revels no. 10 (D.E. 24-2 at 19)) (emphasis added). Production request no. 14 seeks "[a]ll documents relating to or evidencing each and every physical, emotional, psychological or mental treatment, condition, injury or illness identified in response to Interrogatory 10." (*E.g.*, Doc. Req. to Revels no. 14 (D.E. 24-3 at 14)).

Revels objected to Interrogatory no. 10 on several grounds, but nevertheless responded that "he has not been treated by any health care provider within the past 10 years that has treated or diagnosed Plaintiff with any physical, mental, or emotional condition." (Revels' Ans. to Interr. 10 (D.E. 24-4 at 31-32)). He thereby appeared to be limiting his response to health care providers who treated him. He responded to Production Request no. 14 by stating that he was unaware of any responsive documents. (*Id.*, Revels' Resp. to Prod. Req. no. 14 at 37).

---

[2] Interrogatory no. 10 states in full:

Identify each and every physician, doctor, psychologist, psychiatrist, clergyman, counselor or other health care professional that [plaintiff] has met with or consulted, or that has treated or diagnosed [Revels], in conjunction with any physical, mental, or emotional condition within the past ten (10) years. For each such person identified, please state their address and telephone number; describe the nature of the condition, injury, or illness for which that person treated [plaintiff]; state whether any medication, treatment or therapy was required and, if so, the name or nature of the medication, treatment or therapy and, if hospitalization was required, the name and address of the hospital or clinic; and identify any documents relating to [plaintiff's] consultation, diagnosis or treatment with such person. (Please execute one of the enclosed medical waivers for each such health care facility, provider or professional). [Plaintiff] may make and use additional copies of the medical waiver if necessary.

(Interr. to Revels no. 10 (D.E. 24-2 at 19)).

In plaintiffs' opposition memorandum, Revels states that since his initial response to this discovery he has identified a provider who comes within the scope of Interrogatory no. 10 and produced to defendant documents relating to him. (Pls.' Resp. Mem. 2-3). It is not clear, however, whether he is continuing to limit his responses to providers who have treated him.

In response to Interrogatory no. 10, Jones identified several providers. (Jones' Ans. to Interr. no. 10 (D.E. 24-4 at 51-52)). He objected to Production Request no. 14 on grounds of privilege, but stated that "copies of non-privileged responsive documents will be produced upon entry of a protective order." (Jones' Resp. Prod. no. 14 (D.E. 24-4 at 57)). The court has since entered a protective order. (Prot. Ord. (D.E. 26)).

The case law is clear that by seeking damages for emotional- and medical-related damages plaintiffs have placed their mental and medical health in issue, and rendered discoverable relevant information and documents relating to their mental and medical health. *See, e.g., Iannucci v. Rite Aid Corp.*, No. 1:11cv281, 2012 WL 3019953, at *5 (W.D.N.C. 24 Jul. 2012) (directing production of medical records in employment case where plaintiff placed her emotional and medical state at issue by seeking damages arising from the alleged discrimination); *Wells v. General Dynamics Information Technology, Inc.*, No. DKC 11–2748, 2011 WL 5036022, at *3 (D. Md. 21 Oct. 2011) ("Much as the attorney-client privilege is waived by a client when he or she brings a malpractice action against his or her lawyer, or a doctor-patient privilege is waived when a plaintiff seeks to recover for medical injuries arising out of a tort or other legal wrong, [plaintiff] cannot both assert a claim for medical injuries and at the same time withhold relevant information as to her medical claim from the defendant on the grounds of privilege."). Plaintiffs may not limit their production to only diagnosing providers, as Revels may be doing, or to non-privileged documents, as Jones may

be doing, where more complete discovery is properly sought, as here. While defendant seeks releases for the various providers identified by Revels and Jones in addition to the documents for such providers themselves, defendant has not demonstrated that, at this point, there is sufficient basis to require production of such releases (*e.g.*, reason to believe documents represented as being nonexistent are, in fact, being withheld).

This portion of defendant's motion is therefore ALLOWED IN PART and DENIED IN PART. To the extent that Revels has not provided to defendant all information sought by Interrogatory no. 10 and all documents sought by Production Request no. 14, he shall serve any outstanding information, in the form of a verified supplemental interrogatory answer, and any outstanding documents, together with a supplemental response to the production request, no later than 2 January 2013. The production shall include requested information and documents whether or not the provider made a diagnosis.

To the extent that Jones has not provided to defendant all documents sought by Production Request no. 14, he shall serve any outstanding documents, together with a supplemental response to the production request, no later than 2 January 2013. The production shall include requested documents whether or not they are subject to the physician-patient, psychologist-patient, psychiatrist-patient, therapist-patient, or other similar privilege.

6

## III. DISCOVERY REQUESTS REGARDING ATTORNEYS' FEES AND COSTS

Interrogatory no. 16 to each plaintiff asks him or her, in relevant part,[3] to "[s]tate the amount [the plaintiff] is claiming for attorneys' fees and costs in this case." (*E.g.*, Interr. to Fulmore no. 16 (D.E. 24-2 at 10)). Production Request no. 13 seeks, in relevant part,[4] "[a]ll documents, records and papers which in any way pertain to any damages, including the calculation of such damages, that [plaintiff] contend [he or she] suffered as a result of the acts alleged in Plaintiffs' Complaint." (*E.g.*, Doc. Req. no. 13 to Fulmore (D.E. 24-3 at 6)). The parties appear to agree that "damages" as used in this production request includes attorneys' fees and costs claimed by plaintiffs.

Plaintiffs initially objected to Interrogatory no. 16 on grounds of attorney-client privilege and to Production Request no. 13 on the grounds of attorney-client privilege and the attorney work product doctrine. (*E.g.*, Fulmore's Ans. to Interr. no. 16 (D.E. 24-4 at 15); Fulmore's Resp. to Prod. Req. no. 13 (D.E. 24-4 at 18)). Plaintiffs state that they have since produced a copy of their fee agreement and provided information about its terms at deposition. (Pls.' Resp. Mem. 3). The court is satisfied that this production satisfies any obligation that plaintiffs may have at this time to provide

---

[3] Interrogatory no. 16 reads in full:

State the amount [plaintiff] is claiming for attorneys' fees and costs in this case (and if the entire amount is not known, the amount as of the date of [plaintiff's] answer to this interrogatory and an estimate of any additional amounts likely to be claimed by [plaintiff] and, for each such amount, please state the manner in which such amount was calculated and identify each document referring, containing or relating in any way to the arrangement that [plaintiff] has for the payment of fees and costs to any legal counsel in this matter.

(*E.g.*, Interr. to Fulmore no. 16 (D.E. 24-2 at 10)).

[4] Production Request no. 13 reads in full:

All documents, records and papers which in any way pertain to any damages, including the calculation of such damages, that [plaintiff] contends [he or she] suffered as a result of the acts alleged in Plaintiffs' Complaint, including, but not limited to those documents identified in response to Interrogatory 9 of [defendant's] First Interrogatories to [the plaintiff].

(*E.g.*, Doc. Req. no. 13 to Fulmore (D.E. 24-3 at 6)).

7

the information and documents at issue. *Brown v. Walsh & Kelly, Inc.*, No. 2:11–CV–34–RLM–PRC, 2012 WL 1831545, at *2 (N.D. Ind. 18 May 2012) (denying motion to compel production of attorneys' fee agreement where party had "not shown that the attorney fee arrangement information would be or lead to evidence admissible at trial; instead, it appears that the fee arrangement information would only be relevant in the case of a judgment against Defendant, at which time a renewed motion can be made if necessary."). Accordingly, defendant's motion to compel production as to Interrogatory no. 16 and Production Request no. 13 is DENIED without prejudice.

## CONCLUSION

For the reasons and on the terms set forth above, defendant's motion to compel is ALLOWED in PART and DENIED in PART. Each side shall bear its own expenses incurred in connection with the motion on the grounds that the circumstances would make the award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

SO ORDERED, this 18th day of December 2012.

James E. Gates
United States Magistrate Judge