UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-18-F

| | | |
|---|---|---|
| NICHELE FULMORE, H. RONALD REVELS III, and RONALD C. JONES, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| UNITED PARCEL SERVICE, INC., | ) ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiffs' motion to seal [DE-69], in which Plaintiffs seek leave to file their supplemental brief opposing summary judgment and attached exhibits [DE-68] under seal. Plaintiffs state that the supplemental brief and attached exhibits include information from the personnel files of Defendant's employees who are not party to this litigation, and therefore should be placed under seal. Plaintiffs include a statement in their motion indicating that the attorney for Defendant has been contacted and consents to the filing of DE-68 under seal. The court also notes that, although the motion has been pending for several weeks, no member of the public has acted to challenge Plaintiffs' request to seal.

"The common law presumes a right of the public to inspect and copy all judicial records and documents. This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access, and the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quotations and alteration omitted). "In contrast to the common law, the First Amendment guarantee of access has been extended only to particular

judicial records and documents. When the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (quotations omitted).

To the extent Plaintiffs seek to seal the personnel records of individuals not party to this action (that is, the attached exhibits), in accordance with section II of the Stipulated Consent Confidentiality and Protective Order As Modified By Court [DE-26], the court finds that the parties' interest in maintaining the privacy of nonparty personnel records outweighs both the common law and First Amendment presumption to access, and that no less drastic alternatives to sealing are adequate. Accordingly, the court will allow the motion with regard to the attached exhibits.

However, the court finds that, while the supplemental brief contains some information that should remain under seal, it appears that much of it should not be placed under seal. This is particularly true because the brief relates to a motion seeking disposition of the case. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (finding that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case"). Accordingly, the court will deny the motion with regard to the entire supplemental brief, and Plaintiffs will be ordered to file a redacted version of their supplemental brief into the public record.

Plaintiff's motion to seal [DE-69] is ALLOWED in part and DENIED in part. The Clerk of Court is directed to maintain DE-68 and the attached exhibits under seal. On or before March 20, 2013, Plaintiffs are directed to file a redacted version of their supplemental brief into the public record.

SO ORDERED. This the 13 day of March, 2013.

*James C. Fox*
James C. Fox
Senior United States District Judge