IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICHELLE FULMORE, H. RONALD REVELS III, and RONALD C. JONES, Plaintiffs, | ) ) ) ) | |
| | ) | No. 7:11-CV-18-F |
| v. | ) ) | |
| UNITED PARCEL SERVICE, INC., Defendant. | ) ) ) | |

| | | |
|---|---|---|
| NICHELE FULMORE, H. RONALD REVELS III, and RONALD C. JONES Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 7:11-CV-91-F |
| UNITED PARCEL SERVICE, INC., Defendant. | ) ) ) ) | |

On March 28, 2013, the court entered an order [D.E. 73] granting defendant United Parcel Service, Inc.'s ("defendant") motions for summary judgment [D.E. 35; D.E. 37; D.E. 39] on the issues of plaintiffs Nichelle Fulmore, Ronald C. Jones and Ronald Revels III's ("plaintiffs") claim for discrimination, racial harassment, and retaliation.

On April 9, 2013, defendant filed an application for costs [D.E. 75] seeking reimbursement for costs in the amount $8,531.66. Plaintiffs failed to file a response in opposition to defendant's Bill of Costs and the matter is ripe for ruling. Pursuant to Rule 54(d)(1) of the Federal Rules of /Civil Procedure and Local Civil Rule 54.1, defendant is entitled to recover certain costs as the prevailing party in this action.

First, defendant seeks $350.00 in filing fees for the cost of removing this action from the

Superior Court of Robeson County [D.E. 1]. Under 28 U.S.C. §1920(1), the Clerk of Court may tax fees of the clerk. Therefore, defendant's request for costs in the amount of $350.00 for filing fees is allowed.

Next, defendant seeks costs in the amount of $8,004.45 for deposition transcripts. A prevailing party may recover fees for printed or electronically recorded transcripts necessarily obtained for use in the case. See 28 U.S.C. § 1920(2). Defendant asserts that the costs of the depositions of Lester Grant, Fernando Pena, Ronald Jones, Ronald Revels III, Nichelle Fulmore Howell, and Kevin Kidd are correct and were necessarily incurred in this action, and that services for which fees have been charged were actually and necessarily performed [D.E. 75]. See Bill of Costs. In support of their request, defendant submitted court reporter invoices for the depositions. Plaintiffs did not challenge the necessity or reasonableness of the tendered costs.

Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition. With regard to Lester Grant's deposition taken on June 26, 2012, defendant requests costs of $144.00 [D.E. 75]. Under Local Civil Rule 54.1(c)(1)(a), the costs in the amount of $13.80 for exhibit copies and $7.00 for shipping and handling are not taxable and are disallowed. The remaining fee of $123.20 is allowed. Defendant requests costs in the amount of $462.50 for the deposition transcripts of Lester Grant and Fernando Pena taken on December 2, 2011 [D.E. 75]. The fees in the amount of $25.80 for exhibit copies and $11.00 for shipping and handling are disallowed. The remaining fee of $425.70 is allowed. Defendant requests costs of $2,408.60 for the deposition transcript of Ronald Jones [D.E. 75]. The fees in the amount of $13.50 for exhibit copies, $1,017.90 for an expedited transcript, and $5.00 for shipping are disallowed. The remaining fee of $1,372.20 is

2

allowed. Defendant requests costs in the amount of $922.40 for the deposition transcript of Ronald Revels III [D.E. 75]. The fees in the amount of $13.20 for exhibit copies, $15.00 for an e-transcript and $5.00 for shipping are disallowed. The remaining fee of $889.20 is allowed. Defendant submitted two invoices totaling $2,495.05 for the deposition of Nichelle Fulmore Howell [D.E. 75]. The fees in the amount of $27.15 for exhibit copies, $15.00 for an e-transcript and $10.00 for shipping are disallowed. The remaining fee totaling $2,442.90 is allowed. Finally, defendant submitted an invoice from Trans/Stat Reporting in the amount of $1,571.90 for the expedited depositions of Kevin Kidd and Lester Grant (Volume II), including two attorney transcripts, e-transcript, two compressed transcripts and two indexes. The invoice also included exhibit fees in the amount of $1.50 and post and handling fees in the amount of $20.00. The exhibit and handling fees are disallowed under Local Civil Rule 54.1(c)(1)(1). As for the remainder of the fees associated with Mr. Kidd's and Mr. Grant's depositions, the undersigned is unable to determine from the invoice submitted the allowable costs. Thus, the remaining fee of $1,550.40 is denied without prejudice. Defendant may reapply for the permissible fees incurred with regard to these depositions by filing a request with supporting documentation that clearly outlines what taxable services were performed within fourteen days of this order.

Defendant seeks to recover costs for fees and printing disbursements in the amount of $177.21. Under 28 U.S.C. §1920(4), fees for exemplification and copies of papers necessarily obtained for use in the case are allowed. Photocopying charges are taxable only to the extent that the copies were actually used as court exhibits or were furnished to the court or to opposing counsel. See D & B Countryside, L.L.C. v. S.P. Newell, 217 B.R. 72, 80 (E.D. Va. 1998). Defendant has provided an itemized statement outlining the documents copied that were necessarily obtained for

use in this case. Therefore, the request for exemplification and printing costs in the amount of $177.21 is allowed.

In sum, defendant United Parcel Service, Inc. is awarded costs in the amount of $350.00 for filing fees, $5,253.20 in transcript and deposition fees, and $177.21 for exemplification and printing costs, for an award of $5,780.41. Within fourteen days of this order, defendant may resubmit its application with supporting documentation for the court reporter and the original transcript fees for the depositions of Kevin Kidd and Lester Grant (Volume II). All other requests for costs not referenced in this summary are denied.

SO ORDERED. This 7th day of November 2013.

_____
Julie A. Richards, Clerk of Court